*40-185*

NASARIO DOMINGUES, RESPONDENT, *v.* MANUEL DOMINGUES, APPELLANT.

[1] TERM OF COURT.—At the regular term of the District Court, held at the time appointed by statute, the Court fixed the time of holding an adjourned term, by virtue of a statute, different from the one appointing the regular term. In the interval, a statute was passed, appointing other regular terms and repealing the previous law for their appointment; *Held* that the law authorizing the Court to fix the time of holding adjourned terms, was impliedly repealed, and that the adjourned term held in pursuance of the adjournment above stated, was not legally holden.

APPEAL from the First Judicial District.

*H. P. Hepburn,* for Appellant.

*Scott & Granger,* for Respondent.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

The only question necessary to a determination of this cause is, whether the term of Court at which it was tried, was legally holden.

Previous to the Act of May 19th, 1853, the District Judges in various Districts of the State, were authorized to appoint the times of holding the District Courts, in the counties of their respective Districts.

By the Act referred to, the time of holding said terms was fixed by law, and all laws, or parts of laws, in conflict with the Act were repealed. The time for holding the District Court for the County of Los Angeles, was fixed for the third Monday of July, by the Act of May 19th. Under the provisions of the former Act, the term was appointed [187] to commence on the first * Monday in May; in accordance with which the Court was commenced and continued its session until the 12th, at which time it ad-

[1] Cited in *Bates* v. *Gage,* 40 Cal. 185. See *Smith* v. *Chichester,* 1 Cal. 409; *Norwood* v. *Kenfield,* 34 Cal. 329.

journed to the 24th of said month, after which time this suit was heard and determined.

It will be remembered that the Act referred to was passed between the first Monday of May and the 24th of said month, the day on which the adjourned term commenced.

It is contended that, inasmuch as the term was legally commenced, the continuation of it was also legal; that the Court had power to adjourn to another day, by a different statute, which was not repealed by the Act of May the 19th, or in conflict with the same.

We are of the opinion that the Act of May, 1853, repealed the former Act as effectually as though it had never been passed, and that there remained no authority by which a term of Court could be holden, except at the times provided by the Act. The adjourned term was held by virtue of the power of the Judge to fix the time of holding the regular term, and could have no higher legality than the original term of which it was an incident; the repeal of the power to fix the one, must carry with it the others. The section of the statute authorizing the Court to adjourn from time to time, which is relied on, was only intended for the convenience of the Court and the public, and cannot be extended so as practically to revive a law that has been repealed. Any other construction would allow a Judge to hold double terms of Court, where the same had been fixed by him previous to the passage of the Act, provided the times appointed did not conflict. For these reasons we are of opinion that the judgment of the Court below is *coram non judice*, and should therefore be reversed. Inasmuch as the Court below was held in ignorance of the passage of the Act of May 19th, 1853, we are disposed to consider the error as committed by the Court, and therefore direct that the costs of the Court below shall abide the event of the suit.